| | | |
|---|---|---|
| CRAIG LAMONT THOMPSON<br>    Petitioner, | ]<br>]<br>] | |
| v. | ] | No. 2:09-0074[1] |
| | ] | Judge Sharp/Brown |
| JEWEL STEELE, WARDEN<br>    Respondent. | ]<br>] | |

To: Honorable Kevin H. Sharp, District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

By an order (Docket Entry No.72) entered September 20, 2012, the Court adopted and approved an earlier Report and Recommendation (Docket Entry No.69) from the undersigned. The Court then recommitted this matter to the Magistrate Judge for further proceedings.

## I. BACKGROUND

The petitioner, proceeding *pro se*, is an inmate at the Deberry Special Needs Facility in Nashville. He brings this action pursuant to 28 U.S.C. § 2254 against Jewel Steele, Warden of the facility, seeking a writ of habeas corpus.

---

[1] The petitioner is confined at the Deberry Special Needs Facility in Nashville. He is challenging the validity of a conviction entered against him in Shelby County. It appears, therefore, that this action was mistakenly docketed as a case from the Northeastern Division of this judicial district.

1

In February, 1992, a jury in Shelby County found the petitioner guilty of first degree felony murder. Docket Entry No.54-1 at pg.8. For this crime, he was sentenced to death.

On direct appeal, the Tennessee Court of Criminal Appeals affirmed the conviction but modified petitioner's sentence to life imprisonment. Docket Entry No.41-1. The Tennessee Supreme Court later reversed the modification of petitioner's sentence and remanded the case to the trial court for re-sentencing. State v. Thompson, 919 S.W.2d 323 (Tenn.1996).

Prior to re-sentencing, the prosecution chose not to seek the death penalty. The trial court then re-sentenced the petitioner to life imprisonment. Docket Entry No.41-3. The petitioner did not appeal his new sentence. Rather, he filed a *pro se* petition for post-conviction relief in the Criminal Court of Shelby County. Docket Entry No.41-4. That petition was dismissed as untimely. Docket Entry No.41-5.

The petitioner next filed a *pro se* petition for state habeas corpus relief in the Criminal Court of Shelby County. Docket Entry No.41-6 at pgs.3-43. This petition was also denied by the trial court. *Id.* at pg.2.

A second *pro se* post-conviction petition along with a motion to re-open the original post-conviction proceeding were filed in the Criminal Court of Shelby County. Docket Entry No.41-7 at pgs. 4-22. The state trial court denied both the second petition and the

2

motion to re-open the original post-conviction proceeding. *Id*. at pgs.2-3.

## II. PROCEDURAL HISTORY

On June 18, 2009, the petitioner initiated this action with the *pro se* filing of a federal habeas corpus petition (Docket Entry No.1).

By an order (Docket Entry No.9) entered July 7, 2009, a Federal Public Defender was appointed to represent the petitioner. Counsel was given forty five (45) days in which to file an amended petition. Despite having been granted two extensions of time (Docket Entry Nos.13 and 15), counsel has not filed an amended petition. Petitioner's claims, therefore, as clarified by counsel in his Motion for Summary Judgment (Docket Entry No.23), are (1) that the evidence was insufficient to support a conviction for capital murder, and the Double Jeopardy Clause precludes the state from maintaining that conviction and/or retrying the petitioner on that charge, and (2) that the trial court erred by failing to instruct the jury on the lesser included offenses of reckless homicide and criminally negligent homicide.

In December, 2009, on petitioner's motion, this action was stayed and administratively closed so as to give him an opportunity to fully exhaust state court remedies. Docket Entry No.17.

On September 8, 2010, the Court granted petitioner's motion to reopen the case. Docket Entry No.27. The respondent was directed to

3

file an Answer, plead or otherwise respond to the petition. The respondent replied with a Motion to Dismiss (Docket Entry No.40), asserting that the instant action was untimely.

The Court then referred the case to the Magistrate Judge for further proceedings. Docket Entry No.50. On April 10, 2012, the undersigned conducted an evidentiary hearing to address the issue of timeliness. Docket Entry No.60. Following the evidentiary hearing, a Report and Recommendation was issued in which the undersigned concluded that this action was timely and should proceed on the merits. Docket Entry No.69. The Court adopted and approved the Report and Recommendation. The matter was recommitted to the Magistrate Judge for further proceedings. Docket Entry No.72.

Presently pending before the Court are petitioner's Motion for Summary Judgment (Docket Entry No.23), respondent's Response in Opposition to Motion to Renew Motion for Summary Judgment (Docket Entry No.48), and petitioner's Reply (Docket Entry No.54) to the respondent's Response.

The undersigned has reviewed the habeas corpus petition (Docket Entry No.1), the pleadings that are currently pending and the expanded record as a whole and finds that a second evidentiary hearing is not needed in this matter. *see* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is

4

entitled to no relief). The Magistrate Judge, therefore, respectfully recommends for the reasons stated below, that the petitioner's Motion for Summary Judgment be denied, the habeas corpus petition also be denied, and that this action should be dismissed.

### III. ANALYSIS OF THE CLAIMS

**A.) Standard of Review**

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law".

**B.) Procedurally Defaulted Claim**

A petition for writ of habeas corpus will not be considered unless the petitioner has first exhausted all available state court remedies for each claim in his petition. 28 U.S.C. § 2254(b)(1)(A); Hamm v. Saffle, 300 F.3d 1213,1216 (6th Cir.2002). While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine that promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Granberry v. Greer, 107 S.Ct. 1671,1674-1675 (1987). Thus, as a condition precedent to seeking federal habeas corpus relief, each of the petitioner's claims must have been fairly presented to the state courts. Rhines v. Weber, 544 U.S. 269,274 (2005). Once the

5

petitioner's federal claims have been presented to the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider them. O'Sullivan v. Boerckel, 526 U.S. 838,842 (1999).[2]

According to the record, the petitioner never alleged on either direct appeal (Docket Entry Nos.41-1 and 41-2) or during post-conviction proceedings (Docket Entry Nos.41-4, 41-6 at pgs.3-43, and 41-7 at pgs.4-22) that the trial court erred by failing to instruct the jury as to the lesser included offenses of reckless homicide and criminally negligent homicide (Claim No.2).

To properly satisfy the exhaustion requirement, a claim must be fairly presented to every level of the state court system for consideration. Doctor v. Walters, 96 F.3d 675, 678 (3rd Cir. 1996). In the case of petitioner's second claim, he has failed to do so. At this late date, however, it appears that state court remedies for this claim are no longer available. Tenn. Code Ann. § 40-30-102(a) and (c). Thus, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to this claim. Alley v. Bell, 307 F.3d 380,385 (6th Cir.2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas

---

[2] In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Adams v. Holland, 324 F.3d 838 (6th Cir.2003).

corpus review).

The exhaustion of a claim *via* procedural default does not, however, automatically entitle a habeas petitioner to federal review of that claim. To prevent a federal habeas petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violations. Gray v. Netherland, 518 U.S. 152, 162 (1996).

A habeas petitioner can not rely on conclusory assertions of cause and prejudice to overcome the adverse effects of a procedural default. Rather, he must present affirmative evidence or argument as to the precise cause and prejudice produced. Lundgren v. Mitchell, 440 F.3d 754, 764 (6th Cir.2006). To demonstrate cause, the petitioner must show that an objective factor external to the defense interfered with his ability to comply with the state procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). To establish prejudice, there must be a showing that the trial was infected with constitutional error. United States v. Frady, 456 U.S. 152, 170-72 (1982).

Here, the petitioner asserts that the failure to raise his

7

unexhausted lesser included offenses claim is attributable to the ineffectiveness of post-conviction appellate counsel. Docket Entry No.54 at pg.4. The ineffectiveness of appellate counsel can serve as cause for a procedural default. Murray, *supra* at pgs.488-489. However, unless the ineffectiveness of appellate counsel has itself already been fully exhausted as an independent constitutional claim, it cannot serve as cause for another procedurally defaulted claim. Edwards v. Carpenter, 529 U.S. 446,453 (2000). In this regard, the petitioner has never alleged in the state courts that appellate counsel was ineffective for failing to raise his lesser included offenses claim.[3] Thus, the ineffectiveness of appellate counsel has never been raised as an independent constitutional claim. Nor has the petitioner shown prejudice resulting from the alleged failure to instruct the jury as to other lesser included offenses. Consequently, petitioner's lesser included offenses claim (Claim No.2) will not support an award of habeas corpus relief.

**C.) Fully Exhausted Claim**

The petitioner's remaining claim (Claim No.1) comes in two parts. First the petitioner alleges that the evidence was not sufficient to support a conviction for capital murder. This part of the claim was addressed by the state courts on the merits on direct

---

[3] The petitioner did raise the ineffectiveness of appellate counsel as an issue during post-conviction proceedings. Docket Entry No.41-4 at pg.15. However, counsel's alleged deficiencies did not include his failure to raise a lesser included offenses claim on appeal.

8

appeal of the conviction. *See* Docket Entry No.41-1. The second part of the claim is that the Double Jeopardy Clause precluded the state from maintaining the conviction and/or retrying the petitioner on the same charge. This portion of the claim was addressed on the merits by the Tennessee Supreme Court during an appeal of the order modifying petitioner's sentence from death to life imprisonment. *See* Docket Entry No.41-2.

When a federal habeas corpus claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). In short, state court judgments must be upheld unless, after the closest examination of the state court judgment, the Court is

9

firmly convinced that a federal constitutional right has been violated. *Id.* at 120 S.Ct. 1511.

The petitioner has challenged the sufficiency of the evidence to support a conviction for capital murder. The right to due process guaranteed by the Constitution insures that no person will be made to suffer the onus of a criminal conviction except upon sufficient proof. Sufficient proof has been defined as the "evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." <u>Jackson v. Virginia</u>, 99 S.Ct. 2781, 2787 (1979). When weighing the sufficiency of the evidence to support a criminal conviction, the Court must view the evidence in a light most favorable to the prosecution. *Id.* at 99 S.Ct. 2789.

The petitioner was charged with murder during the perpetration of a robbery, i.e., first degree felony murder. The death penalty is a potential sentence for such a crime. Tenn. Code Ann. § 39-13-202(c)(1). The jury heard the testimony of two witnesses who identified the petitioner as being at the scene of the crime holding a gun. Jurors viewed a videotape of the murder taken by a security camera. A witness testified that the petitioner intended to commit the robbery and two witnesses told the jury that the petitioner admitted to shooting the victim. From this evidence, any rational juror could have found the petitioner guilty of first degree felony murder beyond a reasonable doubt. Therefore, the

Case 2:09-cv-00074   Document 75   Filed 11/15/12   Page 10 of 13 PageID #: 2073

state courts correctly held that the evidence was more than sufficient to support a conviction for capital murder. Docket Entry No.41-1.

The petitioner also asserts that the Double Jeopardy Clause precluded the state from "maintaining that conviction and/or retrying him" on that charge. More specifically, the petitioner believes that, once the appellate courts struck down his sentence of death, the courts could not re-sentence him.

Normally, the protection of the Double Jeopardy Clause has not been extended to include the re-sentencing of a defendant. Caspari v. Bohlen, 510 U.S. 383,392 (1994). However, because a capital sentencing proceeding is "itself a trial on the issue of punishment", Bullington v. Missouri, 451 U.S. 430,438 (1981), requiring a defendant to submit to a second, identical proceeding is tantamount to permitting a second prosecution of an acquitted defendant. *Id.* at pg.446. Thus, the Double Jeopardy Clause will protect a defendant who is facing the prospect of the death penalty during re-sentencing.

The extension of the Double Jeopardy Clause as announced in Bullington, though, is not applicable to this case. Prior to re-sentencing, the state chose not to seek the death penalty. Docket Entry No.41-3. As a consequence, the petitioner was not subjected to a second capital sentencing proceeding. Schiro v. Farley, 510 U.S. 222,231 (1994). The petitioner acknowledged this fact when he

11

argued before the Tennessee Supreme Court that the Tennessee Court of Criminal Appeals had correctly reversed the death penalty and modified petitioner's sentence to life imprisonment. Docket Entry No.54-1 at pg.11.

Having independently reviewed the record, the undersigned finds that the state court judgment with respect to petitioner's fully exhausted claim was neither contrary to clearly established federal law nor did it involve an unreasonable application of federal law in light of the evidence. The state courts applied the proper legal analyses when addressing this claim and the petitioner has offered no clear and convincing evidence to refute the findings of fact made by the state courts. 28 U.S.C. § 2254(e)(1).

### R E C O M M E N D A T I O N

For the reasons discussed above, the undersigned has found no merit in the petitioner's Motion for Summary Judgment (Docket Entry No. 23). Accordingly, it is respectfully RECOMMENDED that the petitioner's Motion should be DENIED. It is further RECOMMENDED that petitioner's petition for writ of habeas corpus (Docket Entry No.1) be DENIED and that this action should be DISMISSED. Rule 8(b), Rules - - - § 2254 Cases.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of receipt of this notice and must state with particularity the specific portions

12

of the Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See* Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

>Respectfully submitted,
>
>/S/ Joe B. Brown
>Joe B. Brown
>United States Magistrate Judge