UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CRAIG LAMONT THOMPSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:09-cv-00074 |
| ) | Judge Sharp |
| ROLAND COLSON, ) | |
| ) | |
| Respondent. ) | |

### MEMORANDUM

On November 15, 2012, the Magistrate Judge entered a Report and Recommendation (Docket No. 75) recommending that Petitioner's Motion for Summary Judgment (Docket No. 23) be denied, the Petition for Writ of Habeas Corpus (Docket No. 1) be denied, and this action be dismissed. Petitioner timely filed Objections to the Report and Recommendation (Docket No. 76) on November 27, 2012. The Court has conducted a *de novo* review of the matter in accordance with 28 U.S.C. § 636(b)(1), Rule 8(b), Habeas Corpus Rules, Fed. R. Civ. P. 72(b), and Rule 72.03, Local Rules of Court.

In his first objection, Petitioner contends that the Magistrate Judge mistook his claim challenging the sufficiency of the evidence supporting his first-degree murder *conviction* for a claim challenging the sufficiency of the evidence supporting his death *sentence* (which was subsequently vacated by the Tennessee Supreme Court). Thus, Petitioner argues, the Magistrate Judge misconstrued the nature of, and improperly analyzed, his double jeopardy challenge.

The Court finds that Petitioner's first objection lacks merit. His insufficient evidence/double jeopardy claim is based upon a misreading of *Ring v. Arizona* to maintain that an aggravating factor serves as an element of an offense such that an aggravator's invalidation

1

serves as an acquittal of the charge of capital murder. *See* 536 U.S. 584 (2002). Petitioner argues that whether or not the Tennessee Court of Criminal Appeals and Tennessee Supreme knew or intended to do so, they "had, in effect, acquitted him of capital murder," preventing his retrial. (Docket No. 54 at 2). Of course, *Ring* stands for the proposition that aggravating factors must be found by a jury because they "operate as the functional equivalent of an element of a greater offense." 536 U.S. at 609 (internal citation and quotation marks omitted). Functional equivalent or not, aggravating factors "are not separate penalties or offenses, but are standards to guide the making of [the] choice between the alternative verdicts of death and life imprisonment." *Poland v. Arizona*, 476 U.S. 147, 156 (1986) (internal quotation marks omitted). Double jeopardy is not implicated, the *Poland* court held, when a defendant is initially convicted of capital murder but a reviewing court invalidates an aggravating factor upon which his sentence is based. *Id.* at 156-57.

The Tennessee Supreme Court, applying *Poland* to the case at hand, held that Petitioner was initially sentenced to death and "[has] not been acquitted of the death penalty. The State did not fail to prove its case that death is the appropriate punishment. The error present is a legal error, not a matter of insufficient evidence." *State v. Harris et al.*, 919 S.W.2d 323, 330 (Tenn. 1996). This analysis is consistent with *Ring* and its progeny. *See Farmer v. McDaniel*, 666 F.3d 1228, 1237 (9th Cir. 2012) (discussing continued vitality of *Poland* in light of *Ring*) *vacated as moot*, *Farmer v. McDaniel*, 692 F.3d 1052 (9th Cir. 2012). Thus, the Magistrate Judge correctly found that the Tennessee Supreme Court's judgment was not "contrary to, or involv[ing] an unreasonable application of, clearly established federal law," 28 U.S.C. § 2254(d).

In his second objection, Petitioner asserts that the Court should reach the merits of his lesser included offenses jury instruction claim, overlooking his procedural default because he

2

was denied the effective assistance of counsel on direct appeal, and overlooking his failure to raise that instance of ineffective assistance on state collateral review because he was proceeding *pro se* and mentally incompetent. (Docket No. 76 at 10-11). Absent a showing of cause and prejudice, "an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted." *Edwards v. Carpenter*, 529 U.S. 446, 453, (2000). Petitioner urges the Court to overlook the second-order procedural default on equitable grounds, citing *Martinez v. Ryan,* __ U.S. __, 132 S. Ct. 1309 (2012), for the proposition that "when a state post-conviction court fails to appoint counsel for an indigent petitioner, federal courts may overlook defaults of ineffective assistance of counsel claims." (Docket No. 76 at 11). *Martinez*, however, provides "a narrow exception" to the general rule that an attorney's negligence in a postconviction proceeding does not establish cause. *Id.* at 1315. It is restricted to "initial-review collateral proceedings for claims of ineffective assistance *at trial*." *Id.* at 1319 (emphasis added); *see also Leberry v. Howerton*, 3:10-00624, 2012 WL 2999775, Slip Op. at *1 (M.D. Tenn. July 23, 2012). Because Petitioner does not present a claim of ineffective assistance of trial counsel, his claim does not fall within the exception contemplated by *Martinez*.[1]

Under the traditional, pre-*Martinez* framework, Petitioner cannot establish cause and prejudice sufficient to permit the Court to overlook the procedural default. "There is no constitutional right to an attorney in state post-conviction proceedings." *Coleman v. Thompson,* 501 U.S. 722, 752 (1991). Consistent with that, the ineffectiveness of appellate counsel in non-initial-review state collateral proceedings "does not prevent a constitutional violation sufficient to establish cause and prejudice for a procedural default." *Taylor v. McKee*, 649 F.3d 446, 452

---

[1] Furthermore, Tennessee law permits defendants to litigate ineffective assistance of counsel claims on direct appeal, *Leberry*, at *1 (citing *State v. Monroe*, 2012 WL 2367401 at *4 (Tenn. Crim. App. June 22, 2012)), rendering Petitioner's claim that much further outside the *Martinez* exception for ineffective assistance claims first reviewed in collateral proceedings.

(6th Cir. 2011). Because "it is the petitioner who must bear the burden of a failure to follow state procedural rules," *Coleman*, 501 U.S. at 754, Petitioner's *pro se* status and mental abilities do not provide cause for his failure to raise ineffective assistance of appellate counsel as cause to overlook the procedural default of his lesser included offense instruction claim. The Court will overrule Petitioner's objection and accept the Magistrate Judge's finding that the lesser included offense instruction claim is procedurally defaulted.

Accordingly, the Report and Recommendation (Docket No. 75) will be ACCEPTED and APPROVED, and Petitioner's objections will be overruled. Petitioner's Motion for Summary Judgment will be DENIED. Petitioner's habeas corpus petition will be DENIED. This action will be DISMISSED.

An appropriate Order shall be entered.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE